UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANET REETZ,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
                                /

Case No. 10-11853

Marianne O. Battani
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

# REPORT AND RECOMMENDATION
# MOTION TO DISMISS (Dkt. 8)

## I.    PROCEDURAL HISTORY

On May 6, 2010, plaintiff filed an appeal of the denial of social security disability benefits. (Dkt. 1). This matter was referred to the undersigned on May 7, 2010. (Dkt. 3). After service, defendant filed a motion to dismiss, asserting that plaintiff failed to exhaust her administrative remedies below because her request for review with the Appeals Council was untimely and she failed to articulate any good cause for her late request. (Dkt. 8). In response, plaintiff argues that she was misled by the Social Security Administration because she was told that her request for review was timely, as evidenced on the request itself, and thus, she had no reason to articulate any good cause for a late request for review. (Dkt. 12). This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **DENIED** and that this matter be **REMANDED** to the Appeals Council to complete the administrative review process.

## II. ANALYSIS AND CONCLUSION

Title 42 U.S.C. § 405(g) specifies the following requirements for judicial review: (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision; and (3) filing of the action in an appropriate district court. *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975). The accompanying regulations explain that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. § 416.1400(a). First, a claimant applies for benefits and receives an initial determination and, if dissatisfied with this determination, the claimant may request reconsideration. Second, if dissatisfied with the reconsidered determination, the claimant may request a hearing before an ALJ. Third, if the claimant is dissatisfied with the ALJ's decision, the claimant must request that the Appeals Council review the decision. Finally, the Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner or it may grant the request for review and issue its own decision, which then becomes the final decision of the Commissioner. The claimant may then seek judicial review of the

Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's action. 20 C.F.R. §§ 416.1400(a)(5); 422.210. Defendant claims that, because there was no "final decision," this Court lacks subject matter jurisdiction.

However, it is well-established that the Commissioner may waive the exhaustion requirements of § 405(g). The Supreme Court has distinguished between a waivable element of the jurisdictional requirements of § 405(g) and a non-waivable element. *Wright v. Califano*, 587 F.2d 345, 348-349 (7th Cir. 1978). The non-waivable element is the filing of an application for benefits and the waivable element is the "requirement that administrative remedies prescribed by the [Commissioner] be exhausted." *Id.*, citing, *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976); *Weinberger v. Salfi*, 422 U.S. 749 (1975); *see also Petty v. Astrue*, 550 F.Supp.2d 1089 (D. Ariz. 2008) (Commissioner may waive exhaustion requirement). The Sixth Circuit has observed that, by filing a claim for benefits, a plaintiff satisfies the "only truly jurisdictional requirement" found in § 405(g) because there is, therefore, "some decision by the [Commissioner]...." *Ahghazali v. Sec'y of Health and Human Services*, 867 F.2d 921, 927 (6th Cir. 1989), quoting, *Eldridge*, 424 U.S. at 328.

The facts are not in dispute. The Agency's records show that plaintiff's hearing decision was issued March 5, 2009. Plaintiff filed a request for review of

the Administrative Law Judge's decision on May 15, 2009. The Appeals Council then dismissed plaintiff's request for review as untimely, an action which did not provide Plaintiff with appeal rights. Plaintiff filed a complaint in this court on May 6, 2010. According to plaintiff, however, she was informed by personnel at the SSA that her request for review was timely and points out that the portion of her request for review that was completed by the SSA indicated that it was timely. (Dkt. 8-1, p. 14, "9. Is the request for review received within 65 days of the ALJ's Decision/Dismissal? Yes _X_ No __"). According to plaintiff, she did not provide any "good cause" for her late filing because she was told by the SSA that it was, in fact, timely.

Under these circumstances, the undersigned concludes that plaintiff made a reasonable attempt to properly exhaust and defendant, without any bad faith, misled plaintiff into believing that her request for review was timely. Therefore, I recommend that the Court find that defendant has waived its right to seek a dismissal of this action based on any failure of plaintiff to exhaust her administrative remedies.

The undersigned also recommends that the Court remand this matter to the Appeals Council for consideration of plaintiff's request for review because the course of action chosen by the Appeals Council could have a substantive affect on the outcome and the record. Specifically, the Appeals Council may, among other

4

Report and Recommendation
Motion to Dismiss
*Reetz v. Comm'r*; 10-11853

options, either conduct its own review (which might include reviewing the record as it exists, or taking new evidence as well as permitting briefs and/or oral argument) or it may remand the entire case, or certain specified issues, to the ALJ. *Cline v. Sec'y of Health and Human Serv.*, 875 F.Supp. 435, 438 n. 2 (N.D. Ohio 1995), citing, 20 C.F.R. § 404.967, *et. seq.*; *see also, Dawson v. Sullivan*, 136 F.R.D. 621, 623-624 (S.D. Ohio 1991). If the Council conducts its own review, its decision will become the final decision of the Commissioner subject to judicial review. *Cline*, at 438 n. 2. If the Council remands the matter to the ALJ, the ALJ will file a recommendation and, on the basis of both the record and the ALJ's new recommendation after remand, the Council will issue its decision, which is then final and subject to judicial review. *Id.* It is also possible that the Council may deny the request for review. But, in any event, in the view of the undersigned, in the interests of completeness, the administrative process should be exhausted before this Court reviews the decision below.

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** defendant's motion to dismiss, **GRANT** plaintiff's request to **REMAND** this matter to the Appeals Council for consideration of plaintiff's request for review.

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District

Court **DENY** defendant's motion to dismiss, and **REMAND** this matter to the Appeals Council.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc. If the Court determines that any objections are without merit, it may

rule without awaiting the response.

                                                                  s/Michael Hluchaniuk
Date: October 19, 2010                        Michael Hluchaniuk
                                                                  United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on October 19, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Robert H. Fortunate, Derri T. Thomas, AUSA, and the Commissioner of Social Security.

                                                                  s/Darlene Chubb
                                                                  Judicial Assistant
                                                                  (810) 341-7850
                                                                  darlene_chubb@mied.uscourts.gov